UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,          Civil No.

vs.                                    Honorable

$505,168.00 U.S Currency,

          Defendant *in rem*.
_____/

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Saima S. Mohsin, Acting United States Attorney for the Eastern District of Michigan, and Gjon Juncaj, Assistant United States Attorney, and for its Complaint for Forfeiture states:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a).

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(c) because the Defendant *in rem* is located in the Eastern District of Michigan.

## BACKGROUND INFORMATION

6. The Defendant *in rem* consists of $505,168.00 in U.S Currency. Agents of the Drug Enforcement Administration ("DEA") seized the Defendant *in rem*, after interdicting the cash during an intended drug deal, on or about October 21, 2020, in Farmington Hills, Oakland County, Michigan. The Defendant *in rem* is currently in the custody of the United States Marshals Service.

7. The Defendant *in rem* was property intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. §§ 841 and/or 846 (drug trafficking), and/or is proceeds traceable to such an exchange, and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## UNDERLYING CRIMINAL STATUTES

8. 21 U.S.C. § 841(a)(1) prohibits the manufacture, distribution, or

2

dispensation, or possession with intent to manufacture, distribute, or dispense, a controlled substance.

9. 21 U.S.C. § 846 prohibits the attempt, or conspiracy to commit, *inter alia*, an offense under 21 U.S.C. § 841(a)(1).

## STATUTORY BASIS FOR CIVIL FORFEITURE

10. 21 U.S.C. § 881 governs the civil forfeiture of property which constitutes or is derived from the proceeds of controlled substance crimes, or which was used to facilitate such crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them....[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

## GENERAL ALLEGATIONS

11. In August 2020, DEA Detroit Financial Investigations Group received information about a reputed drug trafficker, "Nick Yaldo" of Macomb County, Michigan.

12. During its investigation, DEA conclusively identified "Nick Yaldo" as being Nibras Akram MURAD.

3

13. As the investigation continued, DEA learned that MURAD engaged in discussion with other persons about the future purchase and delivery of multiple kilograms of cocaine. DEA learned that MURAD had a partner (coconspirator) who was also interested in purchasing multiple kilograms of cocaine.

14. During its investigation, DEA learned that MURAD placed an order for multiple kilograms of cocaine.

15. On October 21, 2020, with intention of making a $500,000 down payment in exchange for 75 kilograms of cocaine, MURAD attempted to deliver the Defendant *in rem* to a hotel located in Farmington Hills, Oakland County, MI. While doing so, DEA agents/officers working in conjunction with the Oakland County Sheriff's Office interdicted MURAD inside the hotel with a duffle bag containing the Defendant *in rem* - subsequently determined to be $505,168.00. A subsequent sniff of the Defendant *in rem* by Oakland County Sheriff's Office Canine Handler/Deputy D.J. Eastman's certified narcotics canine, Bleu, indicated the currency had narcotic odor. A second, independent sniff performed by U.S. Border Patrol certified narcotics canine, Alex, and a certified drug canine handler, also indicated the presence of narcotic odor on the Defendant *in rem*. Among other actions taken that day, the DEA seized the Defendant *in rem* and subsequently released MURAD.

16. In addition to the above, closer examination of the Defendant *in rem* found that it was contained in numerous rubber banded bundles in the following denominations: three (3) $1.00 U.S. bills; one hundred nineteen (119) $5.00 U.S. bills; one hundred twenty-five (125) $10.00 U.S. bills; four thousand nine-hundred twenty-six (4,926) $20.00 U.S. bills; eight hundred-eighty (880) $50.00 U.S. bills; three thousand six hundred and eight (3,608) $100.00 U.S. bills. The manner in which the Defendant *in rem* was packaged and carried is consistent with the way drug proceeds are commonly packaged and transported.

17. The Defendant *in rem* is property intended to be exchanged for controlled substance, in violation of 21 U.S.C. §§ 841, 846 (drug trafficking), and/or constitutes or is traceable to proceeds of violations of the same.

18. The Defendant *in rem* is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## CLAIM FOR RELIEF

19. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 18 above and any subparagraphs thereunder. The Defendant *in rem* was property intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. §§ 841 and/or 846 (drug trafficking), and/or is proceeds traceable to such an exchange, and is

5

therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## CONCLUSION

Plaintiff, the United States of America, respectfully requests that a warrant for the arrest of the Defendant *in rem* be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the aforementioned Defendant *in rem* condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                    Respectfully submitted,

                    SAIMA S. MOHSIN
                    Acting United States Attorney

                    S/Gjon Juncaj
                    Gjon Juncaj (P63256)
                    Assistant U.S. Attorney
                    211 W. Fort Street, Ste. 2001
                    Detroit, Michigan 48226
                    (313) 226-0209
                    Gjon.Juncaj@usdoj.gov

Dated: May 19, 2021

## **VERIFICATION**

I, Chad Allan, am a Task Force Officer with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture, and declare under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents and/or officers.

_____
Chad Allan
Task Force Officer
Drug Enforcement Administration

Dated: May 19, 2021